UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Thomas M. Travers, and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>Collecto, Inc. d/b/a EOS-CCA,<br><br>Defendant. | Civil Action No. 12-11557<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the communications at issue occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

3. Plaintiff Thomas M. Travers is a natural person who resides in the City of Marlborough, Massachusetts, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Collecto, Inc. d/b/a EOS CCA (hereinafter "Defendant EOS") is a collection agency operating from an address of 700 Longwater Drive, Norwell, MA 02061 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. At some time before January 1, 2010 a personal consumer debt, as that term is defined at 15 U.S.C. §1692a(5) that was allegedly incurred by Plaintiff was assigned or transferred to the Defendant for purposes of collection of that debt.

6. Plaintiff resided at 17 Nadine Road, Framingham, MA 01701 until January 2011.

7. During the time Plaintiff resided at 17 Nadine Road he had a land line telephone number which ended in 0275.

8. When Plaintiff moved to Marlborough, MA in or about January 2011, he was assigned a different telephone number and paid for this new telephone number ending in numbers other than 0275.

9. The new occupant in Plaintiff's former residence in Framingham was assigned a telephone # ending in 3769.

10. This number ending in 3769 has never been and is not now assigned to Plaintiff.

11. Upon information and belief, Defendant employees a high-risk skip tracing or telephone number accessing system that it recognizes calls telephone numbers that do not belong to consumers whose debts they are attempting to collect.

12. Defendant is so unsure of the accuracy of the telephone numbers it attempts to call in further of its collection efforts that it utilizes a pre-recorded message that

specifically acknowledges that the telephone number that is automatically dialed could be wrong.

13. Upon information and belief, Defendant does not cross reference or incorporate other procedures to make sure the telephone numbers being dialed actually belong or are assigned to the consumers they are trying to collect debts from.

14. Sometime on or before August 24, 2011, and on various dates thereafter Defendant left automated voicemail messages concerning the collection of the debt for Plaintiff on the voicemail answering machine at Plaintiff's former residence in Framingham that was purchased and assigned to a person who was not Plaintiff, in violation of 15 U.S.C. §§ 1692b and 1692c(b).

15. Defendant knew or should have known that Plaintiff no longer resided at the Framingham residence as the telephone number (ending in 3769) it dialed was registered to someone other than Plaintiff.

16. Upon information and belief, Defendant left at least twelve collection messages, including two message left on March 22, 2012, concerning Plaintiff's debt stating the following which is in violation of 15 U.S.C. §§ 1692b and 1692c(b).

*"Hello this is a message for Thomas M. Travers.  If you are not Thomas M. Travers please hang up and please call 800-268-9806 to remove this phone numbers from our records.  If you continue to listen to this message you are acknowledging that you are Thomas M. Travers.  This message contains personal and private information.  There will now be a 3 second pause.  This is EOCCA a collection agency and this is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Please contact us about this important business matter at 800-268-9806 when calling please reference account number 2657284 again the telephone number is 800-268-9806 and the account number that is needed when call is 2657284.  Thank you."*

17. The caller-id display at the Framingham residence reflects Defendant's telephone number of 1-800-268-9806 for the multiple phone calls received.

18. Upon information and belief, the messages described in ¶16 above sounded as though they were part of a recorded phone dialer inasmuch as the recordings all sounded the same using the same words and tone.

19. Because of the persistence of the telephone calls, the person receiving the telephone calls contacted Plaintiff and relayed the information regarding Defendant's collection calls.

20. Defendant's collection attempts have caused Plaintiff actual damages in the form of emotional upset and embarrassment due to the conduct of the Defendant.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury pursuant to US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CLASS ALLEGATIONS

22. This action is brought on behalf of a class consisting of (i) all persons/consumers residing in Massachusetts; (ii) to whom automated telephone calls have been made from telephone number 1-800-268-9806 or some other telephone number which used a recorded message disclosing the debt to a third party or other wrong number; (iii) for the purpose of an attempt to collect a debt incurred for personal, family, or household purposes; (iv) which were received; (v) during the one year period prior to the filing of the complaint in this action.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has engaged in telephone calls knowing that its automated messages may result in illegal third party disclosure to hundreds of Massachusetts consumers.

24. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principle question is whether Defendant's conduct violated the FDCPA.

25. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendant's records.

26. Plaintiff will fairly and adequately protect the interest of the class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class actions and consumer claims. Neither Plaintiff nor his counsel has any interests, which might cause him not to vigorously pursue this claim.

27. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

b. A class action is a superior to other available methods for the fair and efficient adjudication of this controversy.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- Certification of this action as a class action;

- for an award of statutory damages to Plaintiff and relief to the class in the form of $500,000 or 1% of the net worth of Defendant, whichever is less, for violations of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(B), against Defendant;

- for an award of costs, expenses, and reasonable attorney's fees under the FDCPA pursuant to 15 U.S.C. § 1692(a)(3); and

- for such other and further relief as may be just and proper.

Dated this _22nd_ day of August, 2012.          Respectfully submitted,

By:    /s/ Sara Discepolo
Sara Discepolo, Esq. (BBO No. 628721)
550 Cochituate Road, Suite 25
East Wing, Floor Four
Framingham, MA 01701
Tel. 617-549-4537
Fax 978-478-4589
Email: info@discepololaw.com

Thomas J. Lyons, Esq. (MN No. 65699)
**LYONS LAW FIRM, P.A.**
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com
*TO BE ADMITTED PRO HAC VICE*

Thomas J. Lyons, Jr., Esq. (MN No. 0249646)
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court

Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com
*TO BE ADMITTED PRO HAC VICE*

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MASSACHUSETTS )
                                     ) ss
COUNTY OF __MIDDLESEX__ )

Thomas M. Travers, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Thomas M Travers_
Thomas M. Travers

Subscribed and sworn to before me
this 21st day of August, 2012.

_signature_
Notary Public



LEMONIA MIRONIDIS
Notary Public
Massachusetts
Commission Expires Aug 4, 2017