UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11557-GAO

THOMAS M. TRAVERS,
Individually and on behalf of all others similarly situated,
Plaintiff,

v.

COLLECTO, INC., D/B/A EOS-CCA
Defendant.

OPINION AND ORDER
January 2, 2013

O'TOOLE, D.J.

This action arises out of the defendant's ("EOS") attempt to collect a consumer debt from the plaintiff. EOS acquired the debt for the purpose of debt collection. EOS has moved to dismiss (dkt. no. 10) the plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As part of the collection effort EOS directed automated phone calls to the plaintiff's former residence. According to the Complaint, the plaintiff moved out of his former residence in January 2011. The new occupant began to receive automated phone calls concerning the plaintiff's debt around August 2011. Each message contained the following:

> Hello this is a message for Thomas M. Travers. If you are not Thomas M. Travers please hang up and please call 800-268-9806 to remove this phone numbers from our records. If you continue to listen to this message you are acknowledging that you are Thomas M. Travers. This message contains personal and private information. There will now be a 3 second pause. This is EOCCA a collection agency and this is an attempt to collect a debt. Any information obtained will be used for that purpose. Please contact us about this important business matter at 800-268-9806 when calling please reference account number 2657284 again the telephone number is 800-268-9806 and the account number that is needed when call is 2657284. Thank you.

(Compl. 3 (dkt. no. 1).) The plaintiff alleges that approximately twelve automated messages were received by the new occupant between August 2011 and March 2012. The plaintiff claims that EOS's actions violated the Fair Debt Collection Practices Act ("FDCPA") sections 15 U.S.C. § 1692b, which places restrictions on a debt collector's behavior when attempting to acquire location information for a debtor from a third party, and 15 U.S.C. § 1692c(b), which prohibits debt collectors from communicating debtor information to a third party.

To survive a motion to dismiss a plaintiff must present facts that make his claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A viable complaint must be well-pled, and the facts must support logical conclusions. Specifically, the complaint must contain "[m]ore than labels and conclusions, and a formulaic recitation of the elements of the cause of action." Id. at 555. When evaluating a motion to dismiss, this Court must take "all the factual allegations in the complaint as true." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st. Cir 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Each count is assessed individually.

## I.    15 U.S.C. § 1692b

Section 1692b creates specific requirements for debt collectors when they are attempting to acquire location information for a debtor. 15 U.S.C. § 1692b. The plaintiff does not point to a specific provision of the statute, but the allegations in the Complaint suggest violations of subsections (2) -- "not state that such consumer owes any debt" -- and (3) -- "not communicate with any such person more than once unless requested to do so by such person." Id.

EOS argues that the plaintiff's section 1692b claim must be dismissed because the Complaint does not allege that EOS was attempting to gather location information and the language of the message itself does not indicate that EOS was attempting to acquire location information. In support of its argument EOS points to cases were courts have dismissed section

1692b claims that were the result of similar automated messages. See Cozmyk v. Fin. Mgmt. Servs., 2012 WL 2088766 (S.D. W. Va. June 8, 2012); Branco v. Credit Collection Servs., 2011 2011 WL 3684503 (E.D. Cal. Aug. 23, 2011).[1] In these cases the debt collectors left messages, similar to the language in the current case, on the voicemails of the numbers provided by the debtor. In each case the court found that there was not sufficient evidence to show that the purpose of the messages was to acquire location information, a necessary element of a section 1692b claim.

The plaintiff pleads facts that differentiate this case from those cited by EOS. The plaintiff states in the Complaint that when he left his former residence he was assigned a new phone number and that the phone number for the former residence did not carry over to the new occupant who was also assigned a new phone number. In order for EOS to direct the automated messages it had to obtain the new phone number for the plaintiff's former residence. This creates the inference that EOS was not simply calling the number passed on by the original creditor but rather taking steps to locate the plaintiff and part of the message's purpose was to effectuate that end. Viewing the facts in the light most favorable to the non-moving party it is not proper to dismiss the plaintiff's claim at this stage.

---

[1] EOS also cites Potvin v. Paul Law Office, PLLC, 2012 WL 1903254 (D.N.H. May 25, 2012) and Pauly v. GC Servs., 2007 WL 1350449 (D. Neb. Apr. 11, 2007), which were both decided based on issues not present in the current case.

**II.      15 U.S.C. § 1692c(b)**

The plaintiff claims that by directing automated phone calls to his former residence, EOS violated the FDCPA's prohibition on third party contact. The FDCPA states;

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

EOS does not challenge that the automated messages where communications about a debt made to a third party. Rather, EOS asks this Court to follow the reasoning of Mostiller v. Chase Asset Recovery Corp., 2010 WL 335023 (W.D.N.Y. Jan. 22, 2010). In Mostiller, the court rejected FDCPA third party contact damages based on a voicemail left at the plaintiff's house that was inadvertently overheard by the plaintiff's fiancé. Id. at *5. The court reasoned that; "The FDCPA was intended to protect against deliberate disclosures to third parties as a method of embarrassing the consumer, not to protect against the risk of an inadvertent disclosure that could occur if another person unintentionally overheard the messages left on [plaintiff's] answering machine." Id. (internal quotations omitted). Courts that follow this reasoning do not treat the FDCPA as a strict liability statute, unlike some other courts.[2] The holding in Mostiller, has not been universally accepted. See Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336,

---

[2] See Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) ("The Act 'is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages'") (internal quotations and citations omitted); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010) ("The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute"); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) ("The FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional.") (internal quotations and citations omitted).

1343-44 (S.D. Fla. 2008) (denying 12(b)(6) motion based on voice messages left on plaintiff's voice mail that were overheard by third persons).

While both sides extensively argue the reasoning in the various answering machine cases, the facts of the case presently before this Court does not require delving into that debate. Unlike the situation in <u>Mostiller</u>, EOS did not make phone calls to a number in the exclusive control of the plaintiff and leave messages that were inadvertently overheard by a third party. Instead, automated messages were directed to a number which, according to the plaintiff, was never associated with him, at a residence where he had not resided for eight months, and as a result information regarding the plaintiff's debt was communicated to the new resident. The use of automated phone calls creates an inherent risk of violating the FDCPA. <u>Foti v. NCO Fin.Sys. Inc.</u>, 424 F. Supp. 2d 643, 659-60 (S.D.N.Y. 2006). EOS took that risk and in doing so created a cognizable claim under 15 U.S.C. § 1692c(b) of the FDCPA.

**VII.    Conclusion**

For the reasons state herein, EOS's Motion to Dismiss (dkt. no. 10) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge